## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## OF KANSAS CITY

**MARY RALEIGH,**
2154 Schlotthauer
Marion, KS  66861

**MADONNA SCHAFERS,**
1501 E. Lawrence, Apt. 3D
Marion, KS  66861

**VICTOR SCHAFERS,**
906 West Maxwell Avenue
Wichita, KS  67217

and

**THE ESTATE OF CHRISTOPHER
SCHAFERS, by and through Mary Raleigh,
Personal Representative,**
2154 Schlotthauer
Marion, KS  66861

                    **Plaintiffs,**

v.

**UNITED STATES OF AMERICA,**
Serve:
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530

                    **Defendant.**

**Case No.**

**Federal Tort Claims Act**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COME NOW Plaintiffs Mary Raleigh, Madonna Schafers, Victor Schafers and The Estate

of Christopher Schafers, by and through Mary Raleigh as Personal Representative, and for their

cause of action against Defendant United States of America, alleges and states as follows:

**PARTIES & AGENCY**

1.      Christopher Schafers ("Decedent") passed away on February 13, 2019.

2.      Plaintiff Mary Raleigh ("Plaintiff"), is and was at all times relevant hereto, a resident of the State of Kansas and was the sister of Decedent Christopher Schafers ("Decedent") and is, therefore, a person entitled to bring a cause of action for the wrongful death of Decedent.

3.      Plaintiff Madonna Schafers ("Plaintiff"), is and was at all times relevant hereto, a resident of the State of Kansas and was the mother of the Decedent and is, therefore, a person entitled to bring a cause of action for the wrongful death of Decedent.

4.      Plaintiff Victor Schafers ("Plaintiff"), is and was at all times relevant hereto, a resident of the State of Kansas and was the brother of the Decedent and is, therefore, a person entitled to bring a cause of action for the wrongful death of Decedent.

5.      Plaintiff Estate of Christopher Schafers ("Plaintiff"), is an estate opened in 2019 in Marion County, Kansas, after the death of Decedent and Mary Raleigh has been appointed and remains personal representative.

6.      Defendant United States of America ("USA") is a government entity which has medical facilities throughout the United States and, in particular, the Robert Dole VA Medical Center ("VA") located at 5500 East Kellogg Avenue, Wichita, Kansas 67218.

7.      Plaintiffs' Complaint involves medical care and treatment provided to Decedent at the VA located in Wichita, Kansas within the District of Kansas.

8.      This is a claim under the Federal Tort Claims Act ("FTCA"), pursuant to 28 U.S.C. §1346(b) and 28 U.S.C. §2671 *et seq.* for damages sustained by Plaintiffs.

9.      At the time of the incidents referred to herein the health care providers at the VA who rendered treatment to Decedent, including all physicians, nurses, licensed practical nurses,

certified nurse aides, physician assistants, technicians, attendants, or other health care providers were the agents, actual or ostensible, of Defendant USA, through the VA, and were acting in the scope and course of their employment with Defendant USA. Accordingly, all negligent acts of the VA's agents or employees are imputed to their employer/principle Defendant USA.

## JURISDICTION & VENUE

10.     Plaintiffs allege that the VA's employees and agents, acting within the course and scope of their employment for Defendant USA, through the VA, negligently and carelessly treated Decedent causing personal injury, damages and death as more fully set forth hereinafter.

11.     Before filing this complaint, Plaintiffs submitted an administrative tort claim SF-95 to the VA alleging damages for personal injuries and death caused by the VA.   This administrative tort claim was received by VA on October 8, 2019.

12.     On June 2, 2021, the Department of Veterans Affairs issued a letter stating that Plaintiffs' tort claim was denied.

13.     As such, Plaintiffs' complaint is being filed within the six months after receiving the denial in compliance with the Federal Tort Claims Act 28 U.S.C. §2401(b) and 2675(a).

14.     Jurisdiction of this Court is founded on the provisions of 28 U.S.C. §1346(b) and 28 U.S.C. §2671 *et seq.*

15.     Defendant owns and operates the VA and was engaged in providing medical services to persons requiring such services, including Decedent, at the VA located in Wichita, Sedgwick County, Kansas.  As such, this Court is the proper venue for Plaintiffs' claims against Defendant.

## FACTS OF THE OCCURRENCE

16.     On September 18, 2014 Decedent had a CT chest angiography performed at the VA in Wichita, Kansas.

17.     The interpreting radiologist read the imaging as abnormal because of a 2.1 cm nodule on the right adrenal gland and recommended a follow up CT abdomen and pelvis with and without contrast.

18.     This follow up CT was never ordered or performed by the VA healthcare providers for the next 1,589 days.

19.     In fact, the VA healthcare providers never informed Decedent about the adrenal nodule, never performed any follow up diagnostic testing or imaging and never worked up or investigated this nodule between September 18, 2014 and January 24, 2019, or for 1,589 straight days.

20.     On January 24, 2019, the VA healthcare providers finally performed a CT abdomen with and without contrast.

21.     This CT revealed that the adrenal mass originally seen in September 2014 had grown to 17 cm and was now infiltrating the right lobe of Mr. Schafer's liver.

22.     It was only after the CT done on January 24, 2019, that Decedent first learned of the adrenal mass the VA healthcare providers had known about since September 2014.

23.     It was only after the CT done on January 24, 2019, that Decedent first learned from the VA healthcare providers that he had adrenal carcinoma.

24.     Decedent passed away as a result of this cancer on February 13, 2019.

## COUNT I
### (Wrongful Death)

COME NOW Plaintiffs Mary Raleigh, Madonna Schafers and Victor Schafers and for Count I of this Complaint states:

25.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

26.     Defendant USA, through the VA and its employees and agents, owed to Decedent a legal duty to exercise that degree of skill and learning ordinarily exercised by members of their respective professions under the same or similar circumstances.

27.     Defendant USA, through the VA and its employees and agents, breached its legal duty to Decedent and was thereby negligent in one or more of the following respects:

> a.      Failing to timely obtain a follow up CT abdomen and pelvis with and without contrast between September 2014 and January 2019;
>
> b.      Failing to timely follow up on the adrenal gland nodule between September 2014 and January 2019;
>
> c.      Failing to timely work up Decedent's medical condition related to his adrenal gland nodule between September 2014 and January 2019;
>
> d.      Failing to timely diagnose Decedent's medical condition between September 2014 and January 2019;
>
> e.      Failing to timely treat Decedent's medical condition related to his adrenal gland nodule between September 2014 and January 2019.

28.     As a direct and proximate result of the carelessness and negligence of Defendant, Decedent was caused to suffer a deterioration of his condition, severe pain, severe mental anguish, and death.

29.     As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiffs have been forced to expend money for Decedent's medical treatment prior to his death,

monies for his funeral and burial expenses, and other expenses presently unknown with exactitude by Plaintiffs.

30.     As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiffs have been deprived of Decedent's support, comfort, instruction, guidance and counsel, and society and companionship and have suffered mental anguish, suffering and bereavement, loss of companionship, loss of services, loss of attention and loss of a complete family, loss of familial care, advice, and protection, and *Wentling* damages.

WHEREFORE, Plaintiffs prays for judgment against Defendant in an amount that is fair and reasonable in excess of $75,000, for costs incurred herein and for such other and further relief as this Court deems just and appropriate.

### COUNT II
### (Negligence)

COMES NOW Plaintiff Estate of Christopher Schafers and for Count II of this Complaint states:

31.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

32.     At the time of his death, Decedent possessed causes of action for his personal injuries that Defendant had directly caused or significantly contributed to cause.

33.     Defendant USA, through the VA and its employees and agents, owed to Decedent a legal duty to exercise that degree of skill and learning ordinarily exercised by members of their respective professions under the same or similar circumstances.

34.     Defendant USA, through the VA and its employees and agents, breached its legal duty to Decedent and was thereby negligent in one or more of the following respects:

a.   Failing to timely obtain a follow up CT abdomen and pelvis with and without contrast between September 2014 and January 2019;

b.   Failing to timely follow up on the adrenal gland nodule between September 2014 and January 2019;

c.   Failing to timely work up Decedent's medical condition related to his adrenal gland nodule between September 2014 and January 2019;

d.   Failing to timely diagnose Decedent's medical condition between September 2014 and January 2019;

e.   Failing to timely treat Decedent's medical condition related to his adrenal gland nodule between September 2014 and January 2019.

35.   As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiffs suffered harm, injury, and damage in the following particulars:

a.   Decedent suffered from pain, suffering, mental anguish, inconvenience, physical impairment, disfigurement, and loss of capacity to enjoy life prior to his death;

b.   Medical expenses; and

c.   The loss of a significant material chance of survival/recovery and with it the loss of Decedent's future enjoyment of life.

WHEREFORE, Plaintiff Estate of Christopher Schafers prays for judgment against defendant in an amount that is fair and reasonable in excess of $75,000, for costs incurred herein, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**FOWLER PICKERT**
**EISENMENGER NORFLEET, LLC**

_____
Spencer Eisenmenger          #27486
Ryan Fowler                  #21914
Robert Norfleet              #23585
2345 Grand Boulevard, Suite 750
Kansas City, Missouri 64108
816.832.4688 (Main)
816.832.4689 (Fax)
spencer@fpelaw.com
ryan@fpelaw.com
robert@fpelaw.com

ATTORNEYS FOR PLAINTIFFS